**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

January 27, 2020

LETTER TO PARTIES

    RE:   *Fred D. v. Commissioner, Social Security Administration*
             Civil No. SAG-19-2707

Dear Plaintiff and Counsel:

On September 13, 2019, Plaintiff filed a complaint, *pro se*, contesting a decision by the Commissioner of the Social Security Administration ("SSA"). ECF 1. The Commissioner filed a Motion to Dismiss for lack of subject matter jurisdiction, citing Plaintiff's failure to exhaust his administrative remedies. ECF 12. I have carefully reviewed the parties' filings, including Plaintiff's Complaint, ECF 1, Plaintiff's September 27, 2019 letter to the Court, and Plaintiff's reply in opposition to the Commissioner's Motion to Dismiss, ECF 14. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Commissioner's Motion to Dismiss must be granted.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complainant. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Generally, when a court considers a motion to dismiss for lack of subject matter jurisdiction, it "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("A trial court may consider evidence by affidavit, depositions, or live testimony."). In considering this motion, I have considered the declaration of Janay Podraza, the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, which the Commissioner filed along with supporting documentation. ECF 12-2.

A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Goldsmith v. Mayor of Balt.*, 845 F.2d 61, 63-64 (4th Cir. 1988)). However, a *pro se* plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (quotation and citation omitted). *Pro se* filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Nevertheless, where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 607-08 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004).

Plaintiff received notice from the SSA dated August 14, 2019, that he met the medical and non-medical requirements to receive monthly Supplemental Security Income payments of $771.00 beginning September 2019, and that he was owed $19,578.00 in backpay. ECF 12-2 at 35. In a notice dated September 6, 2019, the SSA informed Plaintiff that his backpay would be delivered in installments. *Id.* at 50. The notice indicates that the first installment is $2,313.00. *Id.* In his Complaint, Plaintiff alleges that the SSA is committing extortion[1] and that he is "still waiting on the rest" of his first lump sum. ECF 1-2 at 1-2. On September 27, 2019, Plaintiff filed a letter with the Court stating that he "disagree[s] with the installment payment of $2,313.00" and arguing that the SSA is "refus[ing] to release the rest of the $771.00 payment." ECF 7 at 1. He included a copy of a completed and signed request for reconsideration form, dated September 23, 2019. ECF 7 at 3. Through its declaration, the SSA has confirmed that Plaintiff's September 23, 2019 request for reconsideration is currently pending with the SSA. Podraza Decl. ¶ 3(f).

The Federal Government and its agencies, including SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Under the Social Security Act, 42 U.S.C. § 301 *et. seq.*, United States District Courts have the authority to review decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The Act precludes judicial review absent a "final decision," *see Califano v. Sanders*, 430 U.S. 99, 108 (1977), and clarifies that the remedy provided by 42 U.S.C. § 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Social Security Administration regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 416.1400(a). Indeed, the Supreme Court has long required parties to exhaust administrative remedies before seeking relief from the courts. *See McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). The Social Security administrative review process entails four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. § 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. 20 C.F.R. § 416.1400(a)(5). Appeal of a final

---

[1] Plaintiff's allegations of extortion seem to arise from some information in his Summary Statement he deems to be incorrect, and the calculations of his benefits. ECF 1-2 at 1-2. Plaintiff filed a request for reconsideration with the SSA regarding his Statement Summary in July 2019. ECF 12-2 at 33-34. In his Complaint, he contends that, "Someone must look into the Social Security administration located at 1010 Park Ave. Baltimore, MD 21201." ECF 1-2 at 1. In his letter to the Court, Plaintiff additionally wrote: "I want to file a civil lawsuit against the [SSA] for being bias, abusing Maryland State laws, extortion and mentally abusive." ECF 7 at 2. Although the Commissioner does not address these allegations, the Court notes that the Federal Torts Claims Act ("FTCA") bars such claims against the SSA. "Although the FTCA is the exclusive remedy for tort claims against the federal government and its agencies, jurisdiction under the FTCA is barred, pursuant to the exclusive remedy provision of the Social Security Act, for cases arising under the Social Security Act." *Hronek v. Sec'y, Dep't of Health & Human Servs.*, 2003 WL 24026306, *2 (D. Md. July 7, 2003), *aff'd*, 78 Fed. App'x 232 (4th Cir. 2003).

decision ordinarily must be "commenced within sixty days after the mailing" of the notice of the decision to the claimant. 42 U.S.C. § 405(g).

As noted, the record reflects that Plaintiff asked for reconsideration of the SSA's September 6, 2019 Notice on September 23, 2019, after the commencement of this action. The Commissioner confirmed that Plaintiff's request for reconsideration was currently pending at the time of Podraza's declaration. Podraza Decl. ¶ 3(f). Therefore, Plaintiff has not completed the review process and has not received a final decision of the Commissioner. Accordingly, this Court cannot exercise jurisdiction over Plaintiff's appeal. 42 U.S.C. § 405(g), (h); *Califano*, 430 U.S. at 108.

Lastly, Plaintiff alleges that he "never received anything from the [SSA] to dismiss [his] case." ECF 14. On December 12, 2019, the clerk's office gave Plaintiff a copy of the Commissioner's November 25, 2019 Motion to Dismiss, and confirmed that his address on file was correct. Even in the event that a copy was not mailed to Plaintiff on November 25, I find that he was not prejudiced by this short delay.

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF 12, is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge